UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-21986-GAYLES

**CENTENNIAL BANK**,

    Plaintiff,

v.

**M/Y KARACOL, a 48 foot, 1998, Ocean Yachts Motor Yacht along with her boats, engines, boilers, tackle, equipment, apparel, furnishings, freights, and appurtenances, etc.** *in rem*, **KARACOL BOAT LLC, a Florida limited liability company, and MARK VON REITZENSTEIN, an individual,** *in personam*,

    Defendants.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff Centennial Bank's Motion for Judgment on the Pleadings (the "Motion") [ECF No. 11]. The Court has considered the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted.

### BACKGROUND[1]

On February 2, 2018, Defendant Mark Von Reitzenstein ("Reitzenstein") executed and delivered a promissory note (the "Note") to Plaintiff with a principal amount of $145,512.00 to be paid in 179 payments of $1,267.60 and a final payment to be made on February 2, 2033. On February 2, 2018, Defendant Karacol Boat LLC executed a First Preferred Ship Mortgage (the

---

[1] Defendant Mark Von Reitzenstein, who proceeds *pro se* and against whom the Motion is directed, failed to respond to the Motion. As such, the Court accepts as true the factual allegations in the Motion. *See Perez v. Midland Nat'l Life Ins. Co.*, No. 19-CIV-23650, 2020 WL 6702883, at *1 n.2 (S.D. Fla. Nov. 13, 2020).

"Mortgage") that encumbered the M/Y Karacol[2] (the "Vessel") as security for the Note. Since October 2, 2020, Reitzenstein has not made payment on the Note and Mortgage and, thus, is in default under the terms of the Note. *See* [ECF No. 28 at 2 ¶¶ 6–7].

On May 27, 2021, Plaintiff brought this action against Reitzenstein, Defendant Karacol Boat LLC, and the Vessel (collectively, "Defendants"), raising two counts: (1) breach of promissory note against Reitzenstein (Count I) and (2) an *in rem* action for foreclosure of ship mortgage against all Defendants (Count II). [ECF No. 1]. On June 23, 2021, Reitzenstein filed an Answer on behalf of himself and Karacol Boat LLC[3] in which he concedes that he has "not been able to keep up with or make the payments agreed on the loan . . . [and that he is] aware that a debt is owed . . . ." [ECF No. 30 at 3]. Reitzenstein's Answer includes a proposed "solution and settlement" to resolve the debt owed. *See id.* at 3–4. On July 19, 2021, Plaintiff filed the instant Motion, [ECF No. 11], for which Reitzenstein failed to timely respond. In its Motion, Plaintiff states that:

> At the time of filing the Complaint, Mr. Reitzenstein was indebted to Centennial Bank under the Note in the total principal amount of $127,806.90, plus accrued and unpaid interest of $4,737.31 through and including March 29, 2021 (with a per diem thereafter of $22.76), $253.32 in late fees, and other charges of $6,613.50, plus attorneys' fees and costs, plus any other expenses as may be due under the Note, including, without limitation, taxes, insurance, and sums advanced by Centennial Bank, together with interest thereon.

*Id.* at 2–3.

---

[2] The M/Y Karacol is a 48 foot, 1998, Ocean Yachts Motor Yacht located in the Southern District of Florida.
[3] As Plaintiff aptly notes, Reitzenstein cannot represent or respond on behalf of Defendant Karacol Boat LLC because it is a limited liability company, which "cannot appear pro se and must be represented by counsel." *Thornton v. Hosp. Mgmt. Assocs., Inc.*, 787 F. App'x 634, 637 (11th Cir. 2019) (per curiam) (citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)). On July 19, 2021, Plaintiff moved for a Clerk's Entry of Default as to Karacol Boat LLC, [ECF No. 10], which the Clerk entered on July 20, 2021, [ECF No. 13]. On July 26, 2021, Plaintiff filed a Motion for Entry of Default Final Judgment Against Karacol Boat LLC. [ECF No. 16]. On November 23, 2021, the Court issued a Default Final Judgment of Foreclosure *In Rem* and Order Directing Sale of Vessel against Karacol Boat LLC. [ECF No. 19].

**LEGAL STANDARD**

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial . . . ." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001) (citation omitted). The court must "accept as true all material facts alleged in the non-moving party's pleading" and "view those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). If a material dispute of fact exists, "judgment on the pleadings must be denied." *Id.* (citing *Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956)).

**DISCUSSION**

The Court finds that judgment on the pleadings is appropriate here for two reasons. First, Reitzenstein concedes in his Answer that he is "aware of the loan debt and [his] responsibility to comply with it," as well as his failure "to keep up with or make the payments agreed on the loan . . . ." [ECF No. 30 at 3]. Second, the Court finds that Reitzenstein has abandoned his claims in opposition to the Motion due to his failure to respond. *See Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("When a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned." (citation omitted)). Pursuant to Local Rule 7.1(c), a party's failure to timely oppose a motion "may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c). *See also, e.g.*, *Stone Invest Dakota LLC v. Paulo De Bastos*, Case No. 17-CIV-61422, [ECF No. 41] (S.D. Fla. Jan. 4, 2018) (granting motion for judgment on the pleadings by default due to defendant's failure to timely respond); *Yarbrough v. Credit Control Servs., Inc.*, Case No. 09-CIV-61136, [ECF No. 20] (S.D. Fla. Mar.

15, 2010) (granting motion for judgment on the pleadings pursuant to S.D. Fla. L.R. 7.1(c) for failure to respond). In light of Reitzenstein's concessions in his Answer and his failure to respond to the Motion, the Court finds sufficient grounds for granting the Motion by default and, thus, the Motion shall be granted.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Centennial Bank's Motion for Judgment on the Pleadings, [ECF No. 11], is **GRANTED**.

2. In accordance with Federal Rule of Civil Procedure 58, a final judgment shall be entered separately against Defendant Mark Von Reitzenstein.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of February, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE